UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| PHILLIP L. WEST and | : | |
| TINA M. WEST, | : | |
| | : | |
| Debtors | : | Case No. 05-32033 RFH |
| | : | |
| PHILLIP L. WEST and | : | |
| TINA M. WEST, | : | |
| | : | |
| Movants | : | |
| | : | |
| vs. | : | |
| | : | |
| MUTUAL SAVINGS | : | |
| CREDIT UNION, | : | |
| Respondent | : | |
| | : | |

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

| | |
|---|---|
| For Movants: | Stephen L. Noel |
| | 124 S. Broad Street |
| | Monroe, Georgia 30655 |
| | |
| For Respondent: | Virginia B. Bogue |
| | Suite 600 Marquis Two Tower |
| | 285 Peachtree Center Avenue NE |
| | Atlanta, Georgia 30303-1229 |

# MEMORANDUM OPINION

Phillip L. West and Tina M. West, Movants, filed on May 24, 2006, a Motion To Convert. Mutual Savings Credit Union, Respondent, filed an objection on May 25, 2006. Movants' motion was discussed at a hearing on an adversary proceeding on May 25, 2006.[1] Movant and Respondents have filed briefs on the issues presented in the motion. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Movants filed on October 14, 2005, a petition under Chapter 7 of the Bankruptcy Code. Respondent conducted a Rule 2004 examination[2] of Movants. Movants filed on February 22, 2006, amendments to their statement of financial affairs and their bankruptcy schedules. Respondent contends that the original statement of financial affairs and bankruptcy schedules failed to list significant assets and understated Movants' income.

Respondent filed on March 24, 2006, an adversary proceeding contending that obligations owed by Movants to Respondent are not dischargeable under Section 523(a) of the Bankruptcy Code. Respondent also contends that Movants' discharge in

---

[1] See Mutual Savings Credit Union v. West, (In re West), Ch. 7, Case No. 05-32033 RFH, Adv. No. 06-3009 (Bankr. M.D. Ga., filed March 24, 2006).

[2] Fed. R. Bank. P. 2004.

bankruptcy should be denied under Section 727(a) of the Bankruptcy Code.[3]

Movants filed on May 23, 2006, a second amendment to their bankruptcy schedules. Respondent contends the amendment contains information that conflicts with Movants' income tax returns and testimony at their Rule 2004 examination.

Movants filed on May 24, 2006, a motion to convert their Chapter 7 case to a case under Chapter 13 of the Bankruptcy Code. Respondent filed an objection. Respondent contends that Movants have shown a lack of good faith and a lack of candor by filing inaccurate bankruptcy schedules and an inaccurate statement of financial affairs.

Section 706(a) of the Bankruptcy Code provides:

> **§ 706. Conversion**
> **(a)** The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C.A. § 706(a) (West 2004).

The legislative history of section 706(a) provides in part:

> Subsection (a) of this section gives the debtor the one-time

---

[3] Respondent contends that Movants failed to keep records of their financial affairs, failed to disclose and account for certain assets, made false oaths, and transferred property with intent to hinder, delay, or defraud creditors.

3

> absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right. The policy of the provision is that the debtor should always be given the opportunity to repay his debts, and a waiver of the right to convert a case is unenforceable. (HR Rept. No. 595, 95th Cong.,1st Sess. 380 (1997))

Courts disagree as to whether a debtor has an absolute right to convert a Chapter 7 case to a case under Chapter 11, 12 or 13. The United States Supreme Court has granted certiorari to consider that issue. See <u>Marrama v. Citizens Bank of Massachusetts</u>, 126 S.Ct. 2859, 165 L.Ed 2d 894 (June 12, 2006.)

Section 706(a) is similar to Section 1208(b) of the Bankruptcy Code. Section 1208(b) provides:

> **§ 1208. Conversion or dismissal**
>
> . . .
>
> **(b)** On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C.A. § 1208(b) (West 2004).

In <u>Cotton v. Bank South, N.A.</u>, (<u>In re Cotton</u>),[4] the Chapter 12 debtor entered into a settlement agreement with Bank South. The debtor filed a request for voluntary dismissal of his Chapter 12 case before the bankruptcy court held a hearing on whether to approve the settlement agreement. The bankruptcy court stayed the debtor's request for voluntary dismissal until it could decide whether the parties had reached a binding settlement. The Eleventh Circuit Court of Appeals held that the debtor had a right to immediate dismissal of his Chapter 12 case under section 1208(b). The Eleventh Circuit stated in part:

> Chapter 12 of the Bankruptcy Code provides that a debtor may file a voluntary petition to go through bankruptcy. 11 U.S.C. § 1208(b) provides that such a case shall be dismissed upon request "at any time" if it has not been converted: "On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." Debtor Thomas E. Cotton's case had not been converted when he filed a proper request for dismissal under this provision. He was entitled by the clear language of this section to have his case dismissed.

992 F.2d at 312.

In the case at bar, Movants' Chapter 7 case has not been converted from a case under Chapter 11, 12, or 13. Section 706(a) provides that Movants have a right to convert their Chapter 7 case to a Chapter 13 case. When a statute is clear, that is the

---

[4] 992 F.2d 311 (11th Cir. 1993).

5

end of the court's inquiry.[5]  The Court is persuaded that Movants' motion to convert their Chapter 7 case to a Chapter 13 case should be granted.

The Court notes that some of the issues raised in the adversary proceeding filed by Respondent can properly be raised in Movant's Chapter 13 case at the confirmation hearing.  Confirmation of Movant's Chapter 13 plan requires that Movant's Chapter 13 plan be proposed in good faith.  11 U.S.C.A. §1325(a)(3) (West 2004).

An order in accordance with this memorandum opinion will be entered this date.

DATED this 2nd day of October, 2006.

    /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court

---

[5] See Boca Ciega Hotel, Inc. v. Bouchard Transportation Co., 51 F.3d 235, 238 (11th Cir. 1995) (plain meaning of an unambiguous statute almost always ends court's inquiry except in rare and exceptional circumstances where overwhelming extrinsic evidence demonstrates a contrary legislative intent.)